UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY ALANA, <br>     Petitioner, <br> v. <br> MICHAEL MARTEL, <br>     Respondent. | Case No. 18-07116 BLF (PR) <br><br> **ORDER TO SHOW CAUSE; GRANTING MOTION FOR LEAVE TO PROCEED** *IN FORMA PAUPERIS* <br><br> (Docket Nos. 3, 5) |

Petitioner, a California prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction in Alameda County Superior Court. Petitioner has filed a motion for leave to proceed *in forma pauperis* ("IFP"). (Docket No. 5.)

### DISCUSSION

I. **Standard of Review**

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

## II. Legal Claims

Petitioner claims the following grounds for habeas relief: (1) the trial court erred in admitting evidence of a prior conviction for murder that occurred thirty years ago; (2) the trial court erred in admitting evidence that he assaulted his wife thirty years ago; (3) the trial court erred in admitting evidence that he kidnapped and assaulted a prostitute who was his girlfriend twenty years ago; (4) the trial court erred in admitting evidence of victim's hearsay statements alleging Petitioner had committed various bad acts; (5) the trial court erred in failing to give limiting instructions that the victim's extrajudicial statements were admitted not for the truth of the matter but as evidence of the victim's state of mind; and (6) cumulative error. (Pet., Docket No. 1 at 12-13.) Liberally construed, these claims are cognizable under § 2254 and merit an answer from Respondent.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Petitioner's motion for leave to proceed *in forma pauperis*, (Docket No. 5), is **GRANTED**. The previous IFP motion is DENIED as moot. (Docket No. 3.)

2. The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

3. Respondent shall file with the court and serve on Petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on Petitioner a copy of all

2

portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

5. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

This order terminates Docket Nos. 3 and 5.

**IT IS SO ORDERED.**

Dated: March 28, 2019

BETH LABSON FREEMAN
United States District Judge

Order to Show Cause; Granting IFP
PRO-SE\BLF\HC.18\07116Alana_osc&ifp

3